UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.M., by and through his parents and guardians, B.M. and L.M., individually, on behalf of VANCOUVER CLINIC HEALTH BENEFIT PLAN and on behalf of similarly situated individuals and plans,<br><br>Plaintiffs,<br><br>v.<br><br>MODA HEALTH PLAN, INC., an Oregon Corporation,<br><br>Defendants. | NO.<br><br>COMPLAINT<br>(ERISA CLASS ACTION)<br><br>[REDACTED] |

### I.  PARTIES

1.  *A.M.*  Plaintiff A.M. is the five-year-old son and dependent of L.M. and B.M. and resides in Clark County, Washington.  Plaintiff A.M. is a beneficiary, as defined by ERISA § 3, 29 U.S.C. § 1002(8), of the Vancouver Clinic Health Benefit Plan.  A.M.'s coverage is through B.M.'s employment.

2.  *The Vancouver Clinic Health Benefit Plan*.  The Vancouver Clinic Health Benefit Plan is an "employee welfare benefit plan" under ERISA § 1002(1), 29 U.S.C. § 1002(1).  The Vancouver Clinic Health Benefit Plan covers more than 50 employees.

[REDACTED]
COMPLAINT (ERISA CLASS ACTION) – 1

3.  *Moda Health Plan Inc.* The health benefits of the Vancouver Clinic Health Benefit Plan are underwritten and administered by Moda Health Plan Inc. ("Moda"). Moda is an authorized health carrier, is engaged in the business of insurance in the State of Washington and has an office in Bothell, Washington. Moda underwrites and administers benefits for ERISA-governed employer-sponsored employee welfare benefits plans including plans with greater than 50 employees in Washington State ("Plans"). Moda makes benefit determinations, reviews and finally decides appeals of denied claims under the Plans it insures, and, in those capacities, is a fiduciary under ERISA. Moda is an Oregon corporation that does business in the State of Washington.

## II.   JURISDICTION AND VENUE

4.  Jurisdiction of this Court arises pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

5.  Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the defendant may be found in this district, and has an office in Bothell, Washington.

## III.   NATURE OF THE CASE

6.  Plaintiffs seek to end Moda's standard practice of insurance discrimination against A.M. and other Washington insureds with autism spectrum disorder (ASD). Early and intensive provision of medically necessary Applied Behavior Analysis (ABA) therapy can dramatically improve the health and life-long wellbeing of insureds with ASD. Moda, however, routinely excludes coverage of medically necessary ABA therapy to treat ASD. Plaintiffs seek to enforce both the federal and Washington state Mental Health Parity Acts in Moda's health plans to end such discriminatory practices.

[REDACTED]
COMPLAINT (ERISA CLASS ACTION) – 2

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

7. Moda's ERISA insured plans in Washington state are subject to Washington's Mental Health Parity Act ("Washington Parity Act"). *See* RCW 48.44.341. The Washington Parity Act is designed to end insurance discrimination against persons with mental health conditions:

> Therefore, the legislature intends to require that insurance coverage be at parity for mental health services, which means this coverage be delivered under the same terms and conditions as medical and surgical services.

Final Substitute House Bill 1154 (2005 Leg.). A study by the Washington Department of Health had concluded that insurers' false distinction between physical and mental health had caused thousands of Washington residents to go untreated. *See* Mental Health Parity Mandated Benefits Sunrise Review, Washington Department of Health, November 1998. The study found that untreated mental disorders ultimately cost our state far more than the relatively minimal cost for providing timely and medically necessary treatment.

8. On October 3, 2008, Congress enacted the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("Federal Parity Act"). *See* 29 U.S.C. § 1185a; 42 U.S.C. § 300gg-5; 26 U.S.C. § 9812. The Federal Parity Act became effective one year later on October 3, 2009. The purpose of the law was to end discrimination in the provision of coverage for mental health treatment, as compared to medical and surgical services. *See Coal. for Parity, Inc. v. Sebelius*, 709 F. Supp. 2d 10, 13 (D.D.C. 2010). While the federal Parity Act does not require coverage of mental health services, if such coverage is provided, it must be provided "in parity" with medical and surgical benefits. *Id.*

9. Taken together, the Washington and Federal Parity Acts require Moda's Washington health plans to cover all outpatient and inpatient services to treat

[REDACTED]
COMPLAINT (ERISA CLASS ACTION) – 3

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

mental disorders covered by the diagnostic categories listed in the most current version of the Diagnostic and Statistical Manual of Mental Disorders, so long as the services are medically necessary.  The Acts further require that Moda's health plans ensure that treatment limitations on services to treat DSM mental health conditions are no more restrictive than the predominate treatment limitations imposed on substantially all of the plan's medical and surgical services. 29 U.S.C. § 1185a(3)(A)(ii).

10. Defendant Moda does not apply the Washington and Federal Parity Act requirements to all services that are necessary to treat conditions listed in the DSM.  Moda has adopted a uniform policy excluding all coverage for ABA therapy to treat ASD, even when medically necessary.  Plaintiff A.M. was denied his pre-service request for coverage of ABA therapy to treat his autism, even though an Independent Review Organization had recently concluded that ABA therapy is medically necessary to treat A.M.'s ASD.  When A.M. appealed, Moda denied his appeals, asserting that ABA therapy was excluded from his Washington health plan.

11. Moda's uniform exclusion, ABA policy and practices violate the requirements of the Washington Parity Act, RCW 48.44.341 and the Federal Parity Act, 29 U.S.C. § 1185a, and their implementing regulations, which are incorporated as "terms of the plan[s]" into the Plans it insures.  ERISA requires Moda to process claims and administer the Plans it insures in a manner that includes the requirements of non-preempted state and federal insurance mandates, such as the Parity Acts.  By failing to do so, Moda is systemically and uniformly failing to properly process claims and administer the Plans it insures.  The Plans' participants and beneficiaries have not received the benefits they are entitled to under the Plans.

12. This lawsuit seeks remedies for Moda's breach of contract and breach of fiduciary duty under ERISA, arising out of its failure to comply with the

[REDACTED]
COMPLAINT (ERISA CLASS ACTION) – 4

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

terms of the ERISA Plans it insures.  It further seeks to recover the benefits that have been wrongfully denied to plaintiff and the class he seeks to represent.  It also seeks a court order declaring Moda's exclusions, limitations, policies and practices illegal and void.  The lawsuit further seeks an injunction to prevent any future or ongoing efforts by Moda to use and enforce any exclusions, limitations, policies or practices that impermissibly deny, exclude or limit beneficiaries' access to medically necessary services to treat conditions recognized in the latest version of the DSM under the Plans it insures.

## IV.  CLASS ALLEGATIONS

13. *Definition of Class*.  Plaintiff proposes the following class:

All individuals who:

(1) have been, are, or will be participants or beneficiaries under an ERISA-governed plan insured by a health benefit plan that has been or will delivered, issued for delivery, or renewed on or after January 1, 2006 in Washington state, by: (a) defendant Moda; (b) any affiliate of defendant; (c) predecessors or successors in interest of any of the foregoing; and (d) all subsidiaries or parent entities of any of the foregoing; and

(2) have received, require, or are expected to require Applied Behavior Analysis (ABA) therapy for the treatment of autism and/or autism spectrum disorder.

14. *Size of Class*.  The class of persons who have received, require or are expected to require ABA therapy for the treatment of conditions listed in the DSM, and who have been, are or will be beneficiaries under ERISA-governed Plans insured by Moda, are expected to number in the hundreds and is so large that joinder of all members is impracticable

15. *Class Representative A.M.*  Named plaintiff A.M. is an enrollee in a Moda insured health benefit plan that is subject to ERISA.  A.M. is diagnosed with

[REDACTED]
COMPLAINT (ERISA CLASS ACTION) – 5

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

ASD, a condition that is listed in the most recent DSM.  A.M. needs ABA therapy to treat his ASD.  Moda denied A.M.'s request for coverage of ABA therapy services as excluded under his plan.  His claims are typical of the claims of the other members of the class, and through his parents, he will fairly and adequately represent the interests of these classes.

16. *Common Questions of Law and Fact*.  This action requires a determination of whether Moda's application of contract provisions, policies and practices that deny, exclude and/or limit coverage of services to treat conditions identified in the DSM in health plans issued, delivered or renewed by Moda that are subject to ERISA violates the requirements of the Washington and Federal Parity Acts.  The Washington Parity Act requires "health benefit plans" such as Moda to cover "mental health services," which is defined as any medically necessary outpatient and inpatient service provided to treat a mental disorder listed in the most recent version of the DSM.  *See* RCW 48.44.341(1); (2).  The Washington and Federal Parity Acts both require that such coverage be provided in strict parity with medical and surgical services generally.  The two Parity Acts, taken together, renders void and unenforceable all exclusions, limitations, policies or practices that wholly exclude medically necessary services to treat DSM conditions, or that establish treatment limitations that are more restrictive than that for medical and surgical services generally.  Adjudication of this issue will in turn determine whether Moda is liable under ERISA for its conduct.

17. *Separate Suits Would Create Risk of Varying Conduct Requirements*.  The prosecution of separate actions by class members against Moda would create a risk of inconsistent or varying adjudications with respect to individual

**[REDACTED]**
COMPLAINT (ERISA CLASS ACTION) – 6

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

class members and Plans that would establish incompatible standards of conduct. Certification is therefore proper under CR 23(b)(1).

18. *Moda Has Acted on Grounds Generally Applicable to the Classes.* Moda, by applying policies and practices that result in the exclusion and improper limitation of certain services to treat certain conditions listed in the DSM, has acted on grounds generally applicable to the classes, rendering declaratory relief appropriate respecting each entire class. Certification is therefore proper under CR 23(b)(2).

19. *Questions of Law and Fact Common to the Class Predominate Over Individual Issues.* The claims of the individual class members are more efficiently adjudicated on a class-wide basis. Any interest that individual members of the classes may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism. Upon information and belief, there is no pending class action suit filed against these defendant for the same relief requested in this action, for a class of ERISA insureds.

20. This action can be most efficiently prosecuted as a class action in the Western District of Washington, where Moda does business and where A.M. resides. Issues as to Moda's conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper under CR 23(b)(3).

21. *Class Counsel*. Plaintiff has retained experienced and competent class counsel.

## V.   FACTUAL BACKGROUND

22. During certain time periods on and after January 1, 2006, A.M., and members of the class have been or will be insured under employee welfare benefit

[REDACTED]
COMPLAINT (ERISA CLASS ACTION) – 7

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

plans with health benefits insured by Moda that are subject to the Employee Income Security Act of 1974 under ERISA § 4, 29 U.S.C. § 1003.

23. Since January 1, 2006, and continuing to the present, A.M. and members of the class have been diagnosed with ASD, conditions which are considered mental disorders covered by the diagnostic categories in the latest version of the DSM.

24. A.M., and members of the class have sought or will seek and have received or will receive ABA therapy as treatment for their ASD. Moda, however, has refused to cover, reimburse and/or authorize medically necessary ABA therapy to treat A.M.'s ASD and that of other members of the class through the application of certain uniform exclusions, limitations, internal policies and/or practices.

25. Because the application of these uniform exclusions, limitations, internal policies and/or practices has resulted, and continues to result, in the exclusion or limitation of coverage for services to treat conditions listed in the DSM, and because Moda has failed, and continues to fail to provide and/or authorize such coverage, A.M. and members of the class have paid for medically necessary ABA therapy out of their own pockets, or face the imminent threat that they will have to do so in the near future, because their Plans have not received all of the benefits promised and insured by Moda. Others class members have been forced to forgo necessary treatment due to Moda's conduct.

26. In light of the established plan documents, public statements and internal policies of Moda and the written representations by Moda to A.M. and other class members, any attempt by A.M., other class members or DRW's constituents to pursue administrative remedies would have been futile. Nonetheless, A.M. appealed Moda's denial of his pre-service request for ABA therapy coverage, to no avail.

[REDACTED]
COMPLAINT (ERISA CLASS ACTION) – 8

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

## VI.  CLAIMS FOR RELIEF

**FIRST CLAIM:
BREACH OF FIDUCIARY DUTIES
ERISA § 404(a)(1), 29 U.S.C. § 1104(a)**

27. Plaintiff re-alleges the paragraphs above.

28. Moda is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it makes benefit determinations, reviews and finally decides appeals of denied claims under the ERISA Plans it insures.

29. ERISA imposes strict fiduciary duties upon plan fiduciaries. ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C), states, in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

30. ERISA § 409(a), 29 U.S.C. § 1109(a), states, in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the Plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

31. The terms of an ERISA plan include non-preempted provisions of substantive state and federal law, such as the requirements in the Washington Parity Act and the Federal Parity Act.  In processing claims for benefits and otherwise administering the Plans it insures, Moda has failed to comply with the terms of the

[REDACTED]
COMPLAINT (ERISA CLASS ACTION) – 9

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

Plans, which include the requirements of RCW 48.44.341, 29 U.S.C. § 1185a, and their implementing regulations.

32. Moda violated its obligations under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) by failing act in accordance with the documents and instruments governing the Plans, and breached its fiduciary duties to the Plans it insured, the plaintiff, and all class members.

33. As a direct and proximate result of these acts and omissions, plaintiffs, the Plans and the Plans' participants and beneficiaries have suffered losses and are entitled to relief under ERISA against Moda.

34. Plaintiff A.M., on his own behalf and on behalf of the class and the Plans for all class members seeks recovery of all losses (including interest) arising from Moda's breaches of its fiduciary duties when it failed to pay for, and insure, the care required by the Washington and Federal Parity Acts.

**SECOND CLAIM:
CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS
UNDER TERMS OF THE PLANS AND CLARIFICATION OF
RIGHT TO FUTURE BENEFITS UNDER THE PLAN
ERISA § 503(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

35. Plaintiff re-alleges all the paragraphs above.

36. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

37. Plaintiff and the class are entitled to recover benefits due them due to the improper exclusion and/or limitations of ABA therapy. They are also entitled to a declaration of present and future rights to benefits for ABA therapy under the Plans insured by Moda.

[REDACTED]
COMPLAINT (ERISA CLASS ACTION) – 10

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

**THIRD CLAIM:
CLAIM TO ENJOIN ACTS AND PRACTICES IN VIOLATION OF THE TERMS
OF THE PLANS, TO OBTAIN OTHER EQUITABLE RELIEF AND TO
ENFORCE THE TERMS OF THE PLANS
ERISA § 503(a)(3), 29 U.S.C. § 1132(a)(3)**

38.   Plaintiff re-alleges all the paragraphs above.

39.   ERISA § 503(a)(3), 29 U.S.C. § 1132(a)(3) provides that a participant or beneficiary may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan."  Plaintiff and the class seek to enjoin Moda from continuing to process and pay claims under its insured Plans in a manner that is inconsistent with the Washington and Federal Parity Acts, as incorporated into the terms of the Plans.  Plaintiff and the class also seek to have Moda provide the class with corrective notice and information, including reformation of the relevant Plan documents.

40.   ERISA § 503(a)(3), 29 U.S.C. § 1132(a)(3), further provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms.  To the extent full relief is not available under ERISA § 503(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B) or ERISA § 503(a)(2), 29 U.S.C. § 1132(a)(2), then plaintiff and the class seek equitable "make whole" remedies including, without limitation, unjust enrichment, disgorgement, restitution, and surcharge arising out of Moda's failure to follow the requirements of the Washington and Federal Parity Acts, as incorporated into the terms of the Plans.

### VII.  DEMAND FOR RELIEF

WHEREFORE, plaintiffs request that this Court:

1.   Certify this case as a class action and designate the named plaintiff as class representative; and designate SIRIANNI YOUTZ SPOONEMORE HAMBURGER, Eleanor Hamburger and Richard E. Spoonemore, as class counsel;

[REDACTED]
COMPLAINT (ERISA CLASS ACTION) – 11

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

2. Enter judgment on behalf of the Plan, plaintiff and the class for losses due to Moda's breaches of fiduciary duty;

3. Declare that Moda may not apply contract provisions, policies or practices that wholly exclude or impermissibly limit medically necessary services to treat conditions listed in the DSM, including medically necessary ABA therapy to treat ASD;

4. Enjoin Moda from further violations of the Washington and Federal Parity Acts and implementing regulations, as incorporated into the terms of the Plans;

5. Enter judgment in favor of plaintiff and the class for damages in an amount to be proven at trial due to the failure to provide benefits due under ERISA-governed Plans, pursuant to the Washington and Federal Parity Acts;

6. Award plaintiff and the class their attorney fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g); and

7. Award such other relief as is just and proper.

DATED: August 5, 2014.

        SIRIANNI YOUTZ
        SPOONEMORE HAMBURGER

        /s/ Eleanor Hamburger
        Eleanor Hamburger (WSBA #26478)
        Richard E. Spoonemore (WSBA #21833)
        ehamburger@sylaw.com ♦ rspoonemore@sylaw.com
        Attorneys for Plaintiffs

[REDACTED]
COMPLAINT (ERISA CLASS ACTION) – 12

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246