HON. THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.M., by and through his parents and guardians, B.M. and L.M., individually, on behalf of VANCOUVER CLINIC HEALTH BENEFIT PLAN and on behalf of similarly situated individuals and plans,<br><br>        Plaintiff,<br><br>    v.<br><br>MODA HEALTH PLAN, INC., an Oregon corporation,<br><br>        Defendant. | NO. 2:14-cv-1191 TSZ<br><br>PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT<br><br>NOTED FOR CONSIDERATION:<br>  October 23, 2015 |

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF SETTLEMENT AGREEMENT
[Case No. 2:14-cv-1191 TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

**Table of Contents**

I. INTRODUCTION ........................................................................................................... 1

II. EVIDENCE RELIED UPON ........................................................................................ 2

III. FACTS ............................................................................................................................ 2

IV. LAW AND ARGUMENT ............................................................................................. 3

    A. Legal Standards for the Approval of a Class Action Settlement Agreement ................................................................................. 3

    B. The Factors Support Approval of the Settlement Agreement ............................................................................................... 4

        1. The Terms and Conditions of the Settlement Agreement ............................................................................... 4

        2. Strength of Plaintiff's Case ............................................................. 5

        3. No Objections to the Settlement Were Filed ................................. 6

        4. Risk, Expense and Duration of Further Litigation and Risk of Maintaining Class Action Status ............................. 7

        5. Stage of Discovery and Proceedings ............................................. 7

        6. Views of Counsel ............................................................................. 7

    C. Payment for Claims Administration ............................................................. 7

    D. Authorization of Attorneys' Fees, Litigation Expenses and Incentive Awards ................................................................................. 7

    E. *Cy Pres* Award and Additional Claims Administration ............................ 8

V. CONCLUSION .............................................................................................................. 8

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF SETTLEMENT AGREEMENT – ii
[Case No. 2:14-cv-1191 TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

# I. INTRODUCTION

As a direct result of this case, Moda eliminated its outright exclusion of Applied Behavioral Analysis therapy (ABA) for its insureds with autism spectrum disorder (ASD). Dkt. No. 18 (Settlement Agreement), p. 27, ¶6. All of Moda's Washington insureds, including class representative A.M., now have access to this effective and medically necessary treatment. With no visit limits or caps, the ABA coverage criteria follows a "best practices" model for the delivery of ABA, informed by experts from the University of Washington's Autism Clinic and the Seattle Children's Autism Center. Dkt. No. 17, ¶ 15. These coverage criteria are now the standard for ABA coverage in Washington State and have been adopted by Premera, Regence, Group Health, Medicaid and the Public Employees health benefits plan, among others.[1]  *Id.*

The breadth of the prospective relief in the Settlement Agreement alone is enough to warrant approval of the Settlement Agreement. But the Agreement provides more: Moda will also establish a $250,000 fund to pay for retrospective claims, attorneys' fees, costs, notice and administration costs. Dkt. No. 16, p. 30, ¶7. This fund will be sufficient to pay all valid claims at 100%.[2] Spoonemore Decl., *Exh. A*. In fact, the claims administrator estimates that there will be over $110,000 in *cy pres* funds available to

---

[1] These insurers only adopted ABA coverage after years of class action litigation brought by plaintiffs' counsel.  *See, e.g., O.S.T. v. Regence BlueShield*, 181 Wn.2d 691, 335 P.3d 416 (2014).

[2] Given that the claims are not subject to copays, deductibles, or other costs sharing provisions, claimants are actually getting *more* that 100% of what their insurance policies would have paid.

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF SETTLEMENT AGREEMENT – 1
[Case No. 2:14-cv-1191 TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

distribute to "organizations to assist families with a family member with Autism to access health care and health coverage." *Id.*; Dkt. No. 18, p. 32, ¶7.4.6.

Given all this relief provided to class members, it is not surprising that no class member opted out, and no class member objected to the Agreement. Spoonemore Decl., *Exh. B*. Under any standard, the Settlement Agreement is "fundamentally fair, adequate and reasonable" and should be approved by the Court. *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) ("Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the 'universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable.'").

## II.  EVIDENCE RELIED UPON

This motion relies upon the Declaration of Richard E. Spoonemore in Support of Motion for Final Approval of Settlement Agreement, as well as the records and pleadings in this case. While Moda does not oppose this motion, it does not necessarily agree with the facts or legal conclusions alleged herein.

## III.  FACTS[3]

Consistent with the Court's Order preliminarily approving the Settlement Agreement, class notices were sent out to 83 current and past Moda households based on a mailing list of class members provided to the claims administrator by Moda. Spoonemore Decl., *Exh. A*. The mailing began on July 6, 2015 and concluded on July 8, 2015. *Id*.

---

[3] The facts of this case were summarized in Plaintiff's Motion for Preliminary Approval, Dkt. No. 18.

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF SETTLEMENT AGREEMENT – 2
[Case No. 2:14-cv-1191 TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

The notices informed Moda enrollees that if they were a member of one of the settlement classes, they must "opt out" by no later than September 18, 2015. No class member opted out. Spoonemore Decl., *Exh. B*. Class members were also informed that they could object to or comment on the proposed Settlement Agreement. No class member did so. Spoonemore Decl., *Exh. B*.

The Notices also informed Moda enrollees that class members must submit claims for reimbursement of APA therapy claims by no later than September 18, 2015. Nickerson & Associates, the claims processor agreed upon by the parties, received two claims with a total value of $32,256.57, and has therefore concluded that there will be sufficient funds to pay all approved claims at 100%. *Id., Exh. A*. The fund will be more than sufficient to pay (1) attorneys' fees requested at $87,500; (2) litigation costs of $2,263.75; (3) incentive awards requested at $10,000 for the named plaintiff; (4) the costs of administration; and (5) all claims at 100%. *Id*. In fact, over $110,000 will be available for a *cy pres* distribution by the courts. *Id.*

### IV.  LAW AND ARGUMENT

**A.   Legal Standards for the Approval of a Class Action Settlement Agreement**

Compromise of complex litigation is encouraged and favored by public policy. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). Federal Rule of Civil Procedure 23 governs the settlement of certified class actions and provides that "[a] class action shall not be dismissed or compromised without the approval of the court…." FRCP 23(e).

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF SETTLEMENT AGREEMENT – 3
[Case No. 2:14-cv-1191 TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

The standard is reasonableness, and the purpose is the protection of absent class members. *Officers for Justice v. Civil Service Comm'n.*, 688 F.2d 615, 623-26 (9th Cir. 1982); *Pickett v. Holland America Line-Westours, Inc.*, 145 Wn.2d 178, 188, 35 P.3d 351 (2001). These are evaluated under the following criteria: "the likelihood of success by plaintiffs; the amount of discovery or evidence, the settlement terms and conditions, recommendation and experience of counsel; future expense and likely duration of litigation, recommendation of neutral parties, if any; number of objectors and nature of objections; and the presence of good faith and the absence of collusion." *Id*. at 188-89. The purpose of the review is to ensure that class members are treated fairly and equitably. *Id*. at 189. Here, the factors weigh strongly in favor of approval.

**B.     The Factors Support Approval of the Settlement Agreement**

**1.     The Terms and Conditions of the Settlement Agreement**

As detailed above, under the Settlement Agreement, class members have obtained complete relief of their claims, additional resources to assist them and others with ASD with health insurance issues in the future, and payment of all attorneys' fees and costs. Class members did not compromise to obtain this outcome.

The parties extensively negotiated the amount of the Settlement Fund. The plaintiff retained an expert to conduct an actuarial analysis to determine the amount of anticipated claims. Now that the claims process has closed, it is clear that the Settlement Amount is sufficient to pay all of the claims filed by class members at 100% of their approved amount. Spoonemore Decl., *Exh. A*.

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF SETTLEMENT AGREEMENT – 4
[Case No. 2:14-cv-1191 TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

This is an extraordinary result. Common fund settlements where a cents-on-the-dollar recovery is obtained are often approved. *See Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 628 (9th Cir. 1982) ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair."); *see, e.g., In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555 (C.D. Cal. June 10, 2005) (approving a settlement fund that compensated class members at 36% of their losses). Here, not only will every approved claim be paid at 100%, but there will also be substantial funds remaining for *cy pres* distribution. *See Nachshin v. AOL, LLC,* 663 F.3d 1034, 1036 (9th Cir. 2011) (the *cy pres* doctrine "allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the next best class of beneficiaries."). Where a settlement agreement results in payment of all claims submitted by class members at 100% **and** excess funds for a *cy pres* award, approval is clearly warranted. *See In re Netflix Privacy Litig.,* 2013 U.S. Dist. LEXIS 37286, *16 (N.D. Cal., Mar. 13, 2013) (approval granted where value of the Settlement Agreement exceeds the total claims that could be obtained in the absence of settlement).

2.  **Strength of Plaintiff's Case**

The class's case was quite strong. In settlement, the class obtained a clear process for speedy reimbursement and undisputed prospective relief. Indeed, the prospective coverage for ABA, which defines exactly how ABA must be covered, likely exceeds what plaintiff could have obtained at trial. The settlement appropriately reflects the strength of plaintiff's case.

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF SETTLEMENT AGREEMENT – 5
[Case No. 2:14-cv-1191 TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

### 3. No Objections to the Settlement Were Filed

The reaction of class members is an important consideration. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms … are favorable to class members." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007). "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.'" *Nat'l Rural Telecom. Coop, v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (quoting 4 A. Conte & H. Newberg, NEWBERG ON CLASS ACTIONS, § 11:50 at 155 (4th ed. 2002)). The absence of objections establishes a strong presumption in favor of approval. *Id.* at 529. Where, as here, the class is "nearly silent" regarding the terms of the settlement agreement, "the lack of objection of the Class Members favors approval of the Settlement Agreement." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1043 (3 objectors appeared out of 57,630 potential class members); *see, e.g., Churchill Vill., L.L.C. v. GE,* 361 F.3d 566, 577 (9th Cir. 2004) (45 objections out of 90,000 notices sent); *Rodriguez v. West Publ. Corp.,* 2007 U.S. Dist. LEXIS 74767, at *33 (C.D. Cal. Sept. 10, 2007) (54 objections out of 376,000 notices).

No objections were received in this case. This is remarkable, and strongly supports approval.

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF SETTLEMENT AGREEMENT – 6
[Case No. 2:14-cv-1191 TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

### 4. Risk, Expense and Duration of Further Litigation and Risk of Maintaining Class Action Status

This lawsuit was filed in 2014 following a series of other cases filed against Washington's insurers. All of the early cases were heavily litigated, and this case could have followed the same pattern.

### 5. Stage of Discovery and Proceedings

This case was resolved early. Extensive discovery was not required to evaluate the legality of Moda's ABA exclusion. Moda, to its credit, worked in good faith to resolve this case without years of costly litigation.

### 6. Views of Counsel

Class counsel strongly supports the Settlement Agreement. From every angle, this Settlement Agreement is an excellent result for class members. The Settlement Agreement should be finally approved.

**C.  Payment for Claims Administration**

If the Court approves the Settlement Agreement, it should also approve the payment from the Settlement Fund for the costs of claims administration that class counsel have personally advanced. Those costs currently total $4,860. Spoonemore Decl., *Exh. C* (website $96, Nickerson & Associates $4,364 paid plus $400 to be paid).

**D.  Authorization of Attorneys' Fees, Litigation Expenses and Incentive Awards**

Class counsel will file its reply brief in support of its Motion for Attorneys' Fees, Expenses and Incentive Awards on or before October 19, 2015 and will post the reply briefing on its website at the same time. In addition to seeking final approval of the

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF SETTLEMENT AGREEMENT – 7
[Case No. 2:14-cv-1191 TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

Settlement Agreement, class counsel will ask that this Court authorize payment of attorneys' fees, litigation expenses and incentive awards at the final approval hearing.

E.   *Cy Pres* **Award and Additional Claims Administration**

Given the existence of *cy pres* funds, a hearing to direct the payment of those funds will need to be set in the future.  Class counsel's proposed order directs class counsel to contact the Court for a hearing date after claims processing has concluded. Prior to the *cy pres* hearing, class counsel will confer with Moda's counsel in an attempt to reach agreement on (1) finalizing the exact amount available for *cy pres* distribution; (2) a distribution proposal(s); and (3) reporting to the Court regarding an agreed-upon proposed *cy pres* distribution and/or presenting competing proposals for *cy pres* distribution to the Court.  At the time of the *cy pres* hearing, class counsel will also report on the disbursement of settlement funds, including any additional costs for Claims Administration.

**V.   CONCLUSION**

Plaintiff, on behalf of the class, respectfully requests that the Court:

(a)   finally approve the Settlement Agreement;

(b)   authorize the disbursement of settlement funds to pay approved claims, claims administration fees and expenses, attorneys' fees, litigation costs, and incentive awards, consistent with the approved Settlement Agreement and as authorized by the Court in response to class counsel's Motion for Attorneys' Fees, etc.; and

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF SETTLEMENT AGREEMENT – 8
[Case No. 2:14-cv-1191 TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

(c) schedule a hearing date and briefing schedule for approval of the *cy pres* distribution.

DATED: October 8, 2015.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER

*/s/ Richard E. Spoonemore*
Richard E. Spoonemore (WSBA #21833)
Eleanor Hamburger (WSBA #26478)
rspoonemore@sylaw.com ♦ ehamburger@sylaw.com
Attorneys for Plaintiff

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF SETTLEMENT AGREEMENT – 9
[Case No. 2:14-cv-1191 TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- **J. Will Eidson**
  jweidson@stoel.com, sea_ps@stoel.com, docketclerk@stoel.com, cmcastro@stoel.com

- **Eleanor Hamburger**
  ehamburger@sylaw.com, matt@sylaw.com, theresa@sylaw.com

- **Maren Roxanne Norton**
  mrnorton@stoel.com, sea_ps@stoel.com, shannon.liberio@stoel.com, docketclerk@stoel.com, heidi.wilder@stoel.com

- **Richard E Spoonemore**
  rspoonemore@sylaw.com, matt@sylaw.com, rspoonemore@hotmail.com, theresa@sylaw.com

DATED: October 8, 2015, at Seattle, Washington.

          /s/ Richard E. Spoonemore
          Richard E. Spoonemore (WSBA #21833)

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF SETTLEMENT AGREEMENT – 10
[Case No. 2:14-cv-1191 TSZ]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246