UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A.M., by and through his parents and guardians,
B.M. and L.M., individually, on behalf of
VANCOUVER CLINIC HEALTH BENEFIT
PLAN, and on behalf of similarly situated
individuals and plans,

C14-1191 TSZ

Plaintiff,

v.

ORDER

MODA HEALTH PLAN, INC., an Oregon
corporation,

Defendant.

## I.   BACKGROUND

On June 10, 2015, the Court preliminarily approved a proposed Settlement
Agreement, attached as *Appendix 1* to the Motion for Preliminary Approval, docket
no. 18 at 22–45 (the "Agreement"), between the class and defendant Moda Health Plan,
Inc. ("Moda").  *See* Order (docket no. 25).  In its Order, the Court directed that notice, in
the form proposed by the parties and approved by the Court, along with claim forms,
instructions, and an opt-out form, be provided by direct mail to all enrollees in a health
plan that was delivered, issued for delivery, or renewed on or after April 1, 2012, in the
State of Washington, by Moda, and who have received, require, or are expected to

ORDER – 1

require Applied Behavioral Analysis Services for the treatment of Autism.  *Id.* at ¶¶ 1, 5, & 6.   In addition, Moda and Class Counsel (Eleanor Hamburger and Richard Spoonemore of Sirianni Youtz Spoonemore Hamburger) were directed to post information about the proposed settlement on their respective webpages.  *Id.* at ¶ 7; *see* Agreement at ¶ 2.2.3.2.

The Order set a deadline of September 18, 2015, for class members to submit to an independent claims administrator any claims, any written comments and/or objections, and/or any written notices of intent to appear at the final settlement approval hearing.   Order at ¶ 8 (docket no. 25).   The Order also scheduled a final settlement approval hearing for October 28, 2015, to consider any comments and/or objections by class members, and to determine whether the proposed Agreement is fair, reasonable, and adequate, and should be approved by the Court.  *See id.* at ¶ 10.

## II.   FINDINGS

1.     The parties have reached a Settlement Agreement providing both prospective coverage of medically necessary Applied Behavioral Analysis (ABA) therapies to treat autism spectrum disorder (ASD) and a claims process for reimbursement to class members of previously uncovered ABA therapies.

2.     The Agreement establishes a settlement fund of $250,000, to be paid by Moda, upon entry of the Court's order finally approving the settlement, into a trust fund created by Class Counsel ("Settlement Trust Fund").  *See* Agreement at ¶ 7.1.  Under the terms of the Agreement, this fund will be used to pay:  (1) attorney's fees; (2) litigation costs; (3) costs of claims administration; (4) incentive awards; and (5) claims by class members for unreimbursed ABA therapy services used during the class period.  *Id.* at ¶ 7.3.  The Agreement further provides that, if funds remain after these payments, then such *cy pres* funds shall be "allocated and distributed to organizations to assist families

with a family member with Autism to access health care and health coverage." *Id.* at ¶ 7.4.6.

3.    The Agreement identifies Nickerson & Associates LLC as the independent claims administrator, *id.* at ¶ 1.6, and sets forth the responsibilities of Nickerson & Associates in receiving and processing claims, as well as a method for appealing the decisions of Nickerson & Associates, *id.* at ¶¶ 7.4.3–7.4.5.

4.    During the period from July 6, 2015, to July 8, 2015, notices in the form approved by the Court were mailed by the claims administrator to eighty-three (83) potential class members identified by Moda.  *See* Nickerson Decl. at ¶ 3 (docket no. 37); *see also* Ex. A to Spoonemore Decl. (docket no. 33); Ex. A to Spoonemore Decl. (docket no. 38-1).  One notice was returned because it was not addressed correctly; it was resent to the proper address.  *See* Nickerson Decl. at ¶ 3; *see also* Ex. A to Spoonemore Decl. (docket no. 33).   Notice was also provided via Class Counsel's webpage.  *See* Spoonemore Decl. at ¶ 3 & Ex. B (docket no. 38).  Moda, however, failed to comply with its obligation to post information on its website.  *See* Supp. Memo. at 1 (docket no. 36).  Moda also has not provided any declaration or affidavit concerning how it prepared the list of potential class members or whether the 83 persons to whom notice was mailed are indeed all of the potential class members.

5.    Nickerson & Associates received two claims from class members, totaling in the aggregate $32,256.57.  *See* Nickerson Decl. at ¶¶ 8–9.  Nickerson & Associates has reviewed both claims and determined, in accordance with the terms of the Agreement, that they may be paid in full from the settlement fund to be established in this case.  *Id.*  Moda and Class Counsel agree that these two claims may be paid in full.  *See* Norton Decl. at ¶¶ 2–3  (docket no. 35); Spoonemore Decl. at ¶ 4 (docket no. 38).

6.    Nickerson & Associates received no written comments or objections to the Agreement, and no class member has elected to opt-out of the settlement.  *See* Nickerson

ORDER – 3

Decl. at ¶¶ 6–7; _see also_ Ex. B to Spoonemore Decl. (docket no. 33).  No class member attended the hearing on October 28, 2015.

### III.   CONCLUSIONS

7.     Federal Rule of Civil Procedure 23(e) provides that "[t]he claims . . . of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."

8.     The following factors are generally considered when determining whether a settlement is fair, adequate, and reasonable:  the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; and the reaction of the class members to the proposed settlement. _Officers for Justice v. Civil Serv. Comm. of the City & Cnty. of San Francisco,_ 688 F.2d 615, 625 (9th Cir. 1982).

9.     Based upon these factors, the Court finds that the Agreement is fair, adequate, reasonable, and in the best interests of the class.  The settlement ensures that class members will be able to obtain coverage of medically necessary ABA therapies in the future, and it provides for reimbursement of past expenses relating to ABA therapies, thereby achieving the goals of the litigation.

10.     The Court also concludes that the Agreement was the result of arm's-length bargaining.  No evidence exists of collusion between the parties, and the agreement appears to have been reached in good faith.

11.     The 83 class members to whom packets were mailed by Nickerson & Associates were provided with adequate notice, and the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied with respect to those persons. Nickerson & Associates received no objections to, or comments about, the Agreement

from such persons.  None of the class members to whom notice was mailed elected to opt-out of the settlement.  The Court is not satisfied, however, that the record sufficiently establishes these 83 individuals or households constitute the entire class.  Moda is hereby DIRECTED to file, within seven (7) days of the date of this Order, a declaration or affidavit concerning the method by which it identified these 83 class members.  Moda is further DIRECTED to prominently post the Settlement Agreement, the notice and related forms, including the opt-out form, and this Order on its website for a minimum of 60 days following entry of this Order.  Any class member, including any person who has already received notice by mail, who wishes to submit to Nickerson & Associates a claim for reimbursement, and any class member who did not previously receive notice by mail and wishes to submit a written comment or objection or to opt out of the settlement, may do so on or before Friday, January 15, 2016.  Nickerson & Associates shall promptly provide to Class Counsel and counsel for Moda copies of any additional materials received.  By January 22, 2016, Class Counsel shall arrange for the filing of appropriate declarations or affidavits concerning any additional claims and the receipt or absence of comments, objections, and/or opt-out forms.

12.     Moda is also DIRECTED to pay the settlement amount ($250,000) into the Settlement Trust Fund established by Class Counsel within seven (7) days of the date of this Order.

## IV.   ADMINISTRATIVE EXPENSES

13.     The Court authorizes the payment of claims administration expenses totaling $4,764, which have been advanced by Class Counsel, _see_ Ex. C to Spoonemore Decl. (docket no. 33), from the Settlement Trust Fund to Class Counsel.  Class Counsel may continue to advance necessary administrative expenses, up to an aggregate of $15,000, and may seek reimbursement from the Settlement Trust Fund by filing an appropriate motion with the Court, a copy of which shall be posted on Class Counsel's

webpage.  Any such motion shall be filed by January 22, 2016, and noted for the date of filing.  No response shall be filed unless requested by the Court.

## V.   ATTORNEY'S FEES AND LITIGATION COSTS

14.     As permitted by the Agreement, Class Counsel is entitled to attorney's fees in the amount of thirty-five percent (35%) of the settlement amount.  Agreement at ¶ 11.1.  The Court concludes that this amount is fair and reasonable given that Class Counsel obtained broad prospective relief and future benefits for the class, as well as reimbursement for the expenses of ABA therapy services incurred during the class period.  Eighty-three class members received actual notice of, and did not object to, Class Counsel's fee request, which is evidence that those persons believe the request to be fair.  Class Counsel's fee request is therefore granted, and the Court awards $87,500 as attorney's fees to Class Counsel, representing 35% of $250,000, the amount of the settlement fund.  This attorney's fee award shall not, however, be disbursed from the Settlement Trust Fund to Class Counsel until further order of the Court.

15.     Class Counsel is also entitled to reimbursement of its actual litigation costs.  *See* Agreement at ¶ 11.2.  Eighty-three class members received actual notice that Class Counsel would request such costs, and a copy of Class Counsel's motion, setting forth the exact amount of costs sought, was posted on Class Counsel's webpage.  *See* Spoonemore Decl. at ¶ 3 & Ex. B (docket no. 38).  No objections concerning litigation costs were received from those 83 class members.  Class Counsel seeks reimbursement in the sum of $2,263.75, reflecting its unreimbursed actual out-of-pocket litigation costs. *See* Ex. D to Hamburger Decl. (docket no. 29).  This request is supported and reasonable, and it is approved.  The Court authorizes the distribution of litigation costs from the Settlement Trust Fund to Class Counsel.

/ / /

/ / /

ORDER – 6

## VI.   CASE CONTRIBUTION AWARDS

16.     The Agreement contemplates that an incentive award in an amount up to $10,000 will be requested by named plaintiff A.M., by and through his parents B.M. and L.M.  Agreement at ¶ 11.3.  Eighty-three class members received actual notice of, and did not object to, the request for a case contribution or incentive award.

17.     A.M., through his parents B.M. and L.M., is awarded an incentive award in the sum of $10,000.  This award shall not, however, be disbursed from the Settlement Trust Fund until further order of the Court.

## VII.   PAYMENTS TO CLASS MEMBERS

18.     The Court authorizes the payment of approved class member claims. $12,536.57 may be disbursed to A.B. and $19,720 may be disbursed to L.R. by Class Counsel from the Settlement Trust Fund.  Class members must negotiate their checks within 90 days of issuance.  Class Counsel may extend this deadline on request from a class member and is authorized to issue replacement checks for lost checks without further approval of the Court.

## VIII.   DISTRIBUTION OF RESIDUAL FUNDS

19.     Within twenty-one (21) days of the date of this Order, Class Counsel or, if Class Counsel elects, Nickerson & Associates shall mail a copy of this Order to the 83 class members previously identified by Moda, along with another copy of the claim form and instructions, and a notice that any claim not already made may be submitted to Nickerson & Associates by Friday, January 15, 2016.  With respect to the information Moda is required to post on its website, _see_ _supra_ ¶ 11, Moda shall arrange for screen shots of the relevant webpages to be captured on a weekly basis, beginning on the first day of posting, and shall file such screen shots as attachments to an appropriate declaration or affidavit by January 22, 2016.

ORDER – 7

20.    The parties anticipate that residual funds will remain after the payment of court-awarded attorney's fees, litigation costs, incentive awards, claims administration expenses, and class member claims.  The Court will use the following process to direct the distribution of these *cy pres* funds.

a.    After the disbursement of litigation costs and claims administration expenses approved in this Order, and the payment of class member claims as permitted by this Order, Class Counsel shall place the remainder of the Settlement Trust Funds in the Registry of the Court.  Absent further order of the Court, the remaining funds shall be paid into the Registry of the Court as soon as possible and by no later than December 31, 2015.  At the time the remaining funds are placed in the Registry of the Court, Class Counsel shall file a notice indicating the principal amount paid into the Registry of the Court, and post such notice on its webpage.

b.    Within seven (7) days of the date of this Order, Class Counsel and counsel for Moda shall meet and confer concerning how to distribute from the Registry of the Court the *cy pres* funds that will be left after payment of attorney's fees, the incentive award, additional claims administration expenses, and any other class member claims.

c.    If agreement is reached, counsel shall submit a stipulation and proposed order for the Court's consideration.  Such stipulation and proposed order shall be noted for January 22, 2016.  On or before January 15, 2016, any objection by a class member to the stipulation and proposed order shall be submitted to Class Counsel or, if Class Counsel elects, to Nickerson & Associates.  Class Counsel and

counsel for Moda shall arrange for copies of their stipulation and proposed order to be mailed to class members, within twenty-one (21) days of the date of this Order, and posted on the appropriate webpages, and shall ensure that class members are advised of the exact date on which any objection must be submitted and the address to which any objection should be mailed.  A reply shall be filed by the noting date and shall indicate what objections, if any, were received and provide copies thereof.

d.    If agreement is not reached, Class Counsel shall file an appropriate motion, which shall be noted for January 22, 2016.  At least six weeks before the noting date, Class Counsel shall file the motion, post the motion on its webpage, and mail a copy of the motion to each known class member, along with a notice explaining that, if the class member opposes the motion, he or she may submit a written response, via U.S. mail, addressed to the Clerk of the Court, United States Courthouse, 700 Stewart Street, Seattle, WA 98101. In the notice to class members and on its webpage, Class Counsel shall indicate the exact date on which any response is due in accordance with Local Civil Rule 7(d)(3), and shall advise class members that any written response must contain the case number in a prominent place on the first page.  Any response by Moda and any reply by Class Counsel shall be filed by the deadlines set forth in Local Civil Rule 7(d)(3).

e.    Attorney's fees, the incentive award, reimbursement for additional claims administration expenses, and any other class member claims

will be paid from the Registry of the Court after the Court determines how to disburse the *cy pres* funds.

## IX.   CONCLUSION

For the foregoing reasons, the Court hereby ORDERS:

1.      The unopposed motion, docket no. 32, for final approval of the proposed Settlement Agreement, docket no. 18 at 22–45, is GRANTED in part.  The Settlement Agreement is APPROVED as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23, and its terms shall bind all class members, except those who (i) did not previously receive actual notice via mail and (ii) submit an opt-out form by January 15, 2016.

2.      Class Counsel's motion for attorney's fees and litigation costs, docket no. 27, is also GRANTED.  Class Counsel is awarded fees in the amount of $87,500 and litigation costs in the amount of $2,263.75.  The litigation costs may be disbursed upon establishment of the Settlement Trust Fund, but attorney's fees may not be distributed until further order of the Court.

3.      Claims administration expenses in the amount of $4,764, which were advanced by Class Counsel, are awarded and may be disbursed to Class Counsel from the Settlement Trust Fund.

4.      A case contribution or incentive award in the amount of $10,000 is approved.  Class Counsel shall not distribute this sum from the Settlement Trust Fund to the parents of A.M. until further order of the Court.

5.      Class Counsel and its designee are authorized to distribute checks drawn from the Settlement Trust Fund in the amount of $12,536.57 to A.B. and in the amount of $19,720 to L.R.

6.    Class Counsel may advance continuing and necessary costs of claims administration, not to exceed $15,000 in the aggregate, and may seek reimbursement from the Settlement Trust Fund by filing a motion in the manner described in this Order.

7.    The case shall remain open and the Court will retain jurisdiction over this matter until the issue of residual funds is resolved.

IT IS SO ORDERED.

DATED this 3rd day of November, 2015.

Thomas S. Zilly
United States District Judge

ORDER – 11