Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A.M., by and through his parents and guardians, B.M. and L.M., individually, on behalf of VANCOUVER CLINIC HEALTH BENEFIT PLAN and on behalf of similarly situated individuals and plans,

Plaintiff,

v.

MODA HEALTH PLAN, INC., an Oregon Corporation,

Defendant.

C14-1191 TSZ

ORDER

THIS MATTER comes before the Court on Class Counsel's unopposed motion for disbursement of funds, docket no. 45.

**I. BACKGROUND**

On November 3, 2015, this Court granted, in part, a motion for final approval of a Settlement Agreement. *See* Docket No. 41 (Order); Docket No. 32 (Motion for Final Approval); Docket No. 18 at 22-45 (Settlement Agreement). Under that Order, the Settlement Agreement was approved as fair, reasonable and adequate under Federal Rule of Civil Procedure 23 with respect to all class members except those who (i) did

ORDER – 1

not previously receive actual notice via mail and (ii) submit an opt-out form by January 15, 2016.  The Order granted class counsel's motion for attorneys' fees in the sum of $87,500, and litigation costs in the sum of $2,263.75.  The costs were permitted to be disbursed upon the establishment of the Settlement Trust Fund, but the attorneys' fees were to be held pending a further order from the Court.  The Court also ordered reimbursement of claims administration expenses in the sum of $4,764 that class counsel had advanced, and permitted that sum to be distributed from the Settlement Trust Fund.  Class counsel was further permitted to advance additional sums for claims administration and notice, provided that sum did not exceed $15,000.  The Court directed class counsel to file a motion seeking reimbursement of any additional money advanced for notice and claims administration.  The Court further awarded the named plaintiff and class representative A.M. a case contribution award in the sum of $10,000, but ordered that the award was not to be distributed until further order of the Court.  Finally, the Court authorized payments of $12,536.57 and $19,720 to the two approved claims.

The Court expressed concern over whether notice was adequate.  To ensure adequate notice, the Court extended the claims, comment and opt-out deadlines in the case and ordered that additional notice be provided.  The Court also established a procedure for approving the distribution of excess funds.

## II.  FINDINGS

1. Moda searched its records for all Washington insureds with a diagnosis of Autism Spectrum Disorder (Diagnosis codes 299.00 through 299.99) with a date of service between January 2, 2002 and July 6, 2015.  *See* Dkt. No. 42, ¶3.  Moda's claim forms require that the provider or billing entity indicate the various diagnoses of the member/claimant.  *See* Dkt. No. 42, ¶4.  As a result, any claim for care related to ASD, and not just a request for ABA, would contain a diagnosis code for ASD.  *Id*.  Moda also

ORDER – 2

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

searched for any additional members who might be eligible for the class but did not submit any claims by (i) reviewing the history of authorization requests for ABA, (ii) reviewing the history of denials for ABA; and (iii) reviewing the results of a comprehensive query of Moda's customer service notes related to mental health exclusions. *See* Dkt. No. 42, ¶9. A total of 83 individuals were identified through this process, which the Court concludes was reasonable. These class members received two notices. They received the original notice and claims package as directed by Dkt. No. 25, and they received a supplemental notice and claims package as directed by the Court in Dkt. No. 41.

2. Notice was also provided on class counsel's webpage, which has been continually in place since June 26, 2015. Dkt. No. 38, ¶3. Moda's webpage has also provided notice continually since November 5, 2015. Declaration of Stan Austin, ¶¶ 2-4.

3. In addition to the notice mailed to the 83 individuals, an additional supplemental notice was mailed to these class members on November 23, 2015. *See* Declaration of Peter Nickerson Re: Supplemental Notice and Objections to Cy Pres Stipulation ("Nickerson Decl. Re: Supp. Notice"), ¶2. That mailing contained the following material: (1) a copy of the Court's November 3, 2015 Order (Dkt. No. 41); (2) a supplemental notice: (3) a copy of the claim form, with instructions; and (4) a copy of the Stipulation and [Proposed] Order on Excess Funds. *Id*.

4. The supplemental notice, the Court's November 3, 2015 Order, claim forms, certification forms, instructions, opt-out forms, and the Stipulation and [Proposed] Order on Excess Funds, with attachment, were all posted on class counsel's webpage on November 20, 2015. Supp. Spoonemore Decl., ¶2, *Exh. A*.

5. No class member elected to opt out of the settlement. No class member objected to, or otherwise commented on, the settlement. No additional claims were

ORDER – 3

submitted.  No objections to the parties' stipulation with respect to the distribution of excess funds were received.  Nickerson Decl. Re: Supp. Notice, ¶¶3-6; Supp. Spoonemore Decl., ¶3.

6. The Settlement Trust Fund was funded by Moda with the deposit of the Settlement Amount of $250,000. Supp. Spoonemore Decl., ¶4.

7. From the Settlement Amount, class counsel made the following disbursements:  (1) $12,536.57 to A.B.; (2) $19,720 to L.R.; (3) $2,263.75 in litigation costs to Sirianni Youtz Spoonemore Hamburger; and (4) $4,764 in claims administration expenses to Sirianni Youtz Spoonemore Hamburger.  Supp. Spoonemore Decl., ¶ 4.  A payment was made to Nickerson for claims administration in the sum of $1,625, as well.  *Id*.  The account earned $57.02 in interest, and was charged a $10 maintenance fee.  *Id*.  After these payments were made and the interest earned, the balance of $209,137.70 was paid into the Registry of the Court.  *Id*. Class counsel filed a notice indicating this amount had been deposited, and posted the notice on class counsel's webpage.  *See* Dkt. No. 43.  Upon a review of the settlement account, however, class counsel concluded that the $1,625 paid to Nickerson for claims administration should have been initially advanced from class counsel's own funds rather than paid directly from the settlement fund.  Supp. Spoonemore Decl., ¶ 4.   That charge was reversed, and an additional $1,625 deposited into the Registry of the Court.  *Id*.  A supplemental notice was filed with the Court and posted on class counsel's webpage.  *See* Dkt. No. 44; Supp. Spoonemore Decl., ¶ 4.

8. The Registry of the Court holds $210,762.70.  Supp. Spoonemore Decl., ¶4.

9. Class counsel has advanced an additional $4,966 in notice, administration and mailing costs.  Supp. Spoonemore Decl., ¶5, *Exhs. B-E.*

ORDER – 4

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

### III.  CONCLUSIONS

10. The Court's concerns about the sufficiency of notice to the entire class have been satisfied by the additional notices, and web page postings, made by the parties at the direction of the Court. The Court concludes that the class has been provided with adequate notice, and the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied with respect to the class.

11. The Settlement Agreement is APPROVED as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23, and its terms shall bind all class members.

12. Class counsel is entitled to supplemental reimbursement of the $4,966 it advanced for claims, administration and notice expenses. These expenses were necessary for the claims notice and administration, and are documented by invoices from the vendors. Supp. Spoonemore Decl., ¶5, *Exhs. B-E*.

### IV.  DISBURSEMENT OF FUNDS FROM THE REGISTRY OF THE COURT

13. Class Counsel's unopposed motion for disbursement of funds, docket no. 45, is GRANTED.

14. The Court ORDERS the disbursement of funds from the Registry of the Court as follows:

> (a) The Clerk is authorized and directed to draw a check on the funds deposited in the Registry of the Court in the amount of $102,466 (representing the approved attorneys' fees ($87,500), case contribution award to be paid to the class representative ($10,000), and reimbursement for claims and notice expenses ($4,966)), payable to the IOLTA Trust Account of Sirianni Youtz Spoonemore Hamburger, and to mail or deliver such check to Sirianni Youtz Spoonemore Hamburger, 999 Third Avenue, Suite 3650, Seattle, WA, 98014; and
>
> (b) The Clerk is authorized and directed to draw a check on the funds deposited in the Registry of the Court in the

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

amount remaining after the sum set forth in paragraph 14(a) is deducted, plus all accrued interest, minus any statutory users' fees, payable to Washington Autism Alliance & Advocacy, and to mail or deliver such check to the payee at 16225 NE 87th Street, Suite A-2, Redmond, WA 98052.

15. The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to CLOSE this case.

IT IS SO ORDERED.

DATED this 11th day of February, 2016.

_____
Thomas S. Zilly
United States District Judge

Presented by:

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER

 /s/ Richard E. Spoonemore
Richard E. Spoonemore (WSBA #21833)
Eleanor Hamburger (WSBA #26478)
Attorneys for Plaintiff

ORDER – 6